NORTHERN DISTRICT OF TEXAS
FILED

APR 2 4 2014

CLERK, U.S. DISTRICT COURT
By_____
            Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THOMAS A. HARVEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:13-CV-143-A |
| | § | |
| CITY OF ARLINGTON, TEXAS, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

After having considered the motion for summary judgment of
defendant, City of Arlington, Texas, the response thereto of
plaintiff, Thomas A. Harvey, the entire summary judgment record,
and pertinent legal authorities, the court has concluded that the
motion should be granted.

I.

Nature of Plaintiff's Complaint

This action was initiated by plaintiff, acting pro se, on
February 22, 2013, by the filing of a four-sentence complaint,
which read, in its entirety, as follows:

> The City, by and through it's [sic] Fire Chief, has
> adopted an unlawful employment practice - namely it now
> denies promotion and positions to employees at or over
> the age of 50.  This includes me.  I request trial by
> jury.  I am filing suit within 90 days of my receipt of
> the EEOC "Notice of Right to Sue" letter.

Compl. at 1.

After plaintiff obtained counsel, he, through his counsel, filed an amended complaint on March 13, 2013. While the amended complaint was significantly more verbose than the original, it makes essentially the same complaint plaintiff made originally. When plaintiff stated his contentions in a joint status report the parties filed on May 9, 2013, he described them as follows:

> This is an employment discrimination case. It is based on age, and it involves the City's decision not to promote Harvey to the position of Battalion Chief in its Fire Department.

> The City has a longstanding practice in its Fire Department of not promoting to the position of Battalion Chief any individual whose age is fifty (50) years or older. Consistent with this practice, i.e., no one fifty (50) years or older need apply, the City has refused to promote Harvey, who is over the age of fifty, to the position of Battalion Chief.

> The City's decision(s) not to promote Harvey to the position of Battalion Chief in its Fire Department decision violates 29 U.S.C. §623(a)(1) of the Age Discrimination in Employment Act ("ADEA").

> Harvey seeks damages and equitable relief for the City's unlawful employment practices pursuant to the ADEA.

Joint Status Report at 1, ¶ 1.

II.

## Grounds of Defendant's Motion;
## and Nature of Plaintiff's Response

A.   Grounds of the Motion

Defendant notes in its motion that plaintiff mentions in his amended complaint that four persons were promoted to the Battalion Chief position on occasions when plaintiff was seeking that position.  Two of those persons, Jackie Parker ("Parker") and Joe Morris ("Morris"), were promoted on November 8, 2011, another, Wes Montgomery ("Montgomery"), was promoted on May 2, 2012, and the fourth, Gerald Randall ("Randall"), was promoted on November 8, 2012.  Defendant asserts that to whatever extent plaintiff is making claims related to his failures to obtain the positions to which Parker and Morris were promoted, those claims would be time barred, and should be dismissed.  As to the selections of Montgomery and Randall over plaintiff, defendant contends that plaintiff cannot adduce evidence of all elements of a prima facie case in either of those instances because neither Montgomery nor Randall was substantially younger than plaintiff at the time of the promotions.

Significant attention is devoted by defendant in its motion, brief, and appendix to development of summary judgment evidence of defendant's justifications for failing to promote plaintiff to

3

the Battalion Chief position each of the four times plaintiff was unsuccessful.  Defendant asserts that, even if plaintiff could adduce evidence in support of all of the elements of a <u>prima facie</u> case of age discrimination in any of the instances when he sought a promotion to Battalion Chief, defendant has articulated as to each instance a legitimate, non-discriminatory reason for the denial of the promotion and that plaintiff can adduce no probative evidence that in any instance defendant's proffered reason was not true but was a pretext for intentional discrimination.

In conclusion, defendant contends that plaintiff cannot adduce evidence from which it can be inferred that the adverse employment decisions about which he complains were based on age, or, put another way, defendant maintains that plaintiff cannot adduce evidence sufficient to raise a genuine issue of material fact that defendant's proffered reasons for its promotion decisions were a pretext for age discrimination and that "but for" plaintiff's age he would have been promoted.

B.   <u>Plaintiff's Response</u>

Plaintiff acknowledges that any age discrimination claim he might have had based on the Parker and Morris promotions to Battalion Chief positions are barred by limitations, and cannot form the basis of any failure-to-promote claim.  Pl.'s Resp. Br.

4

at 1-2, ¶ 1.  He contends that the summary judgment evidence he has presented with his response raises issues of fact as to all elements of a prima facie case related to the Montgomery and Randall promotions.

Plaintiff does not respond head-on to defendant's contention that Montgomery and Randall were not significantly younger than him when they received the promotions to Battalion Chief. Rather, plaintiff takes the position that his summary judgment evidence establishes that defendant had a policy of not promoting anyone to the Battalion Chief position who is fifty years of age or older.  According to plaintiff, that alleged fact raises an issue that his failure to be promoted was the result of prohibited age discrimination.

### III.

### Undisputed Evidence

The following is an overview of evidence pertinent to the motion for summary judgment that is undisputed in the summary judgment record:

Plaintiff is a former employee of the fire department of the City of Arlington, Texas.  He was a Captain at the time he resigned in 2013.  Don Crowson ("Chief Crowson") is the Chief of the Arlington Fire Department, and has been so employed since July 26, 2010.

In September 2011 there were two openings for Battalion
Chief positions in the Arlington Fire Department.  Battalion
Chief is an important, high-level supervisory and managerial
position within the fire department.  The position is just below
Assistant Chief, and it requires oversight of large numbers of
operational personnel, as well as direct involvement in the
management of departmental resources and business operations,
promulgation of departmental policy, and interaction and
cooperation with citizens, local businesses, and community
entities.

A Battalion Chief selection process was announced on
September 30, 2011.  The process started with interviews by a
team of three Assistant Chiefs.  After that, each candidate was
interviewed by Chief Crowson.  Thirteen people were interviewed
for the two positions, including plaintiff, Parker, Morris, and
Montgomery.  Chief Crowson concluded that plaintiff's interview
performance had been average.  However, plaintiff's responses to
Chief Crowson's questions tended to focus solely upon plaintiff's
job performance in fire suppression duties, which was only a
small part of the emergency services provided by the fire
department.  His interview performance lacked an appreciation of
the overall, city-wide mission of the fire department, focusing

instead on concerns restricted to his local firehouse and district.

In addition to information gained from the interviews, Chief Crowson spoke with each applicant's immediate supervisor to solicit the supervisor's opinion regarding plaintiff's qualifications to be a Battalion Chief.  Plaintiff's immediate supervisor did not recommend that plaintiff be promoted.

After the interview and selection process had been completed, on November 8, 2011, Chief Crowson selected Parker and Morris to be the next two Battalion Chiefs.  They were selected over plaintiff due to their broader experience, deeper appreciation for the fire department's city-wide mission, and superior performances during the interviews.  The promotion decisions made by Chief Crowson were based on the factors mentioned above and not, to any extent, on plaintiff's age, nor on the age of any of the other candidates for the open positions. When Parker and Morris received their promotions, Parker was forty years of age, Morris was forty-eight years of age, and plaintiff was fifty-one years of age.  Chief Crowson was not aware of the ages of any of them when he made the promotion decisions.

In May 2012, another Battalion Chief position became open due to a retirement.  Utilizing the results of the interviews and

7

selection process that had been conducted in late 2011, Chief
Crowson selected Montgomery from the same group of candidates who
had applied then to fill the new Battalion Chief vacancy.  He
selected Montgomery over plaintiff because Montgomery had shown
important managerial skills critical to the effective functioning
as a Battalion Chief, because of his broad work experience with
the fire department, because his skills were better suited to the
Battalion Chief position than plaintiff's, and because Montgomery
had done better than plaintiff in the interview process.  Neither
plaintiff's age, nor the age of any other candidate, played any
role in Chief Crowson's decision to promote Montgomery.  At the
time of the promotion, Montgomery was forty-seven years of age
and plaintiff was fifty-one years of age.  Chief Crowson was not
aware of the ages of either of them when he made the promotion
decision.

In October 2012, there was another Battalion Chief position
opening, for which nine persons, including plaintiff, applied and
were interviewed.  The applicants were examined by an interview
panel using a set of standardized questions, which were posed to
each candidate.  The panel consisted of Chief Crowson and three
Assistant Chiefs.  Plaintiff's performance in his interview,
which was conducted in October 2012, was extremely poor.  His
posture, attitude, and demeanor were inappropriate and

disrespectful.  He sat slumped in his chair and turned to the
side, held his hands behind his head, sometimes spun around in
his chair during the interview, and appeared disinterested and
aloof throughout the interview.  Plaintiff's responses to many of
the questions posed to him during the interview were of concern
to the members of the committee.

Plaintiff performed so poorly during his interview, that the
members of the interview panel concluded that he was not a good
candidate for the Battalion Chief position.  His responses and
conduct caused the panel to believe that he had little or no
confidence in his own ability, a lack of alignment with fire
department management on important issues and programs, a failure
to exhibit an appropriate management-level demeanor, and a lack
of preparation for the interview process.  Also, plaintiff had an
emotional event during the interview process that caused the
interviewers to question plaintiff's emotional ability to handle
the pressure of being a Battalion Chief.

As part of the interview process, each candidate was asked
who the candidate would select as Battalion Chief if the
candidate was not selected.  None of the other candidates
recommended plaintiff for the position.  Instead, the majority of
the candidates recommended another applicant, who happened to be
the youngest applicant, for the Battalion Chief position.  None

of the Assistant Chiefs who were part of the interview process recommended that plaintiff be offered the Battalion Chief position.  He was not ranked by the Assistant Chiefs among the top three candidates.  The failure of the Assistant Chiefs to recommend plaintiff for the Battalion Chief position had nothing to do with his age but, instead, was based on his obvious lack of preparation for the interview, his extremely poor performance in the interview, and his improper and/or disappointing responses to multiple, important questions during the interview process.

On November 8, 2012, Chief Crowson selected Randall to fill the open Battalion Chief position.  That selection was not based on the age of Randall or of plaintiff.  Randall was forty-seven years of age and plaintiff was fifty-two years of age at that time, but Chief Crowson was not aware of the age of either of them when he selected Randall.  Randall's selection was based upon the superior and positive qualifications, work history, and interview performance of Randall in contrast to plaintiff's extremely poor performance in the interview process.

Plaintiff filed his charge of discrimination against the City of Arlington Fire Department with the EEOC after the November 2012 interview and selection process was completed.  His Charge of Discrimination, which was signed by plaintiff on November 27, 2012, complained that "[f]rom approximately

10

November 15, 2011 until present, I have been continuously denied

the promotion to the Battalion Chief position" and that "I

believe that I have been discriminated against because of my age,

fifty-two, in violation of Age Discrimination in Employment Act

of 1967, as amended."  Mot., App. at 67.

   After plaintiff resigned from the Arlington Fire Department,

he became employed in October 2013 as the Fire Chief at the Fire

Department of City of Princeton, Texas, a job at which he has

been earning more money than he was earning while employed at the

Arlington Fire Department.

                              IV.

                            Analysis

A.   Applicable Summary Judgment Principles

   Rule 56(a) of the Federal Rules of Civil Procedure provides

that the court shall grant summary judgment on a claim or defense

if there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law.  Fed. R. Civ.

P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247

(1986).  The movant bears the initial burden of pointing out to

the court that there is no genuine dispute as to any material

fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323, 325 (1986).

The movant can discharge this burden by pointing out the absence

of evidence supporting one or more essential elements of the

                              11

nonmoving party's claim, "since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323.

Once the movant has carried its burden under Rule 56(a), the nonmoving party must identify evidence in the record that creates a genuine dispute as to each of the challenged elements of its case. <u>Id.</u> at 324; <u>see also</u> Fed. R. Civ. P. 56(c) ("A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."). If the evidence identified could not lead a rational trier of fact to find in favor of the nonmoving party as to each essential element of the nonmoving party's case, there is no genuine dispute for trial and summary judgment is appropriate. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587, 597 (1986).

The standard for granting a motion for summary judgment is the same as the standard for rendering judgment as a matter of law. <u>Celotex Corp.</u>, 477 U.S. at 323. If the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. <u>Matsushita</u>, 475 U.S. at 597; <u>see also</u> <u>Boeing Co. v. Shipman</u>, 411 F.2d 365, 374-75 (5th Cir. 1969) (en banc) (explaining the standard to be applied in determining whether the court should

enter judgment on motions for directed verdict or for judgment
notwithstanding the verdict).

B.    Plaintiff Has Not Adduced Summary Judgment Evidence of an
      Essential Element of a *Prima Facie* Case

Inasmuch as plaintiff concedes that he is barred by
limitations from asserting age discrimination claims based on the
Parker and Morris promotions to Battalion Chief positions, the
court focuses under this heading on whatever contention plaintiff
might be making that he suffered unlawful age discrimination by
reason of the selections of Montgomery and Randall over
plaintiff.

One of the elements a plaintiff claiming age discrimination
in employment must establish to make a prima facie case of
discrimination under the ADEA for failure to promote is that
either (a) the position was filled by someone younger or (b) the
failure to promote was because of his age.  See Palasota v.
Haggar Clothing Co., 342 F.3d 569, 575-76 (5th Cir. 2003);
Bennett v. Total Minatome Corp., 138 F.3d 1053, 1060 (5th Cir.
1998).[1]

---

[1]The third option, that the position was filled by someone outside the protected class, has no
potential applicability here.

1.   <u>The "Someone Younger" Option Has Not Been Satisfied</u>

Defendant takes the position that the "someone younger"
feature has been interpreted by court decisions to mean
"substantially younger," and that the age differences between
Montgomery and Randall, on the one hand, and plaintiff, on the
other, do not satisfy the "substantially younger" requirement.
The court agrees.

The "substantially younger" concept seems to have been
introduced into employment discrimination jurisprudence by the
Supreme Court in <u>O'Connor v. Consolidated Coin Caterers Corp.</u>, in
which the Court explained:

> Perhaps some courts have been induced to adopt the
> principle urged by respondent in order to avoid
> creating a prima facie case on the basis of very thin
> evidence--for example, the replacement of a 68-year-old
> by a 65-year-old.  While the respondent's principle
> theoretically permits such thin evidence (consider the
> example above of a 40-year-old replaced by a 39-year-
> old), as a practical matter it will rarely do so, since
> the vast majority of age-discrimination claims come
> from older employees.  In our view, however, the proper
> solution to the problem lies not in making an utterly
> irrelevant factor an element of the prima facie case,
> but rather in recognizing that the prima facie case
> requires "<u>evidence adequate to create an inference that
> an employment decision was based on a[n] [illegal]
> discriminatory criterion</u> . . . ." <u>Teamsters v. United
> States</u>, 431 U.S. 324, 358 (1977) (emphasis added).  In
> the age-discrimination context, such an inference
> cannot be drawn from the replacement of one worker with
> another worker insignificantly younger.  Because the
> ADEA prohibits discrimination on the basis of age and
> not class membership, the fact that a replacement is
> substantially younger than the plaintiff is a far more

reliable indicator of age discrimination than is the
fact that the plaintiff was replaced by someone outside
the protected class.

517 U.S. 308, 312-13 (1996).

In the course of holding that a five-year age differential
did not satisfy the "substantially younger" requirement, the
Sixth Circuit explained in Bush v. Dictaphone Corp., that:

> Assuming that Bush met the first three prongs of
> the McDonnell Douglas test, he was then required to
> show that he was replaced by someone "substantially
> younger." When Bush was demoted, he was replaced by a
> woman less than five years younger, who was herself
> more than forty years old. The district court held
> that such a small age gap did not meet the
> "substantially younger" standard. In the absence of
> any proof to the contrary, we agree that no reasonable
> jury could find that Bush's 41 year old replacement was
> "substantially younger" than Bush (then 46 years old).
> As a result, with regard to his demotion, Bush failed
> to make out a prima facie claim under McDonnell
> Douglas.

161 F.3d 363, 368 (6th Cir. 1998). Similarly, in Schiltz v.

Burlington Northern R.R., the Eighth Circuit held that an age

differential of five years did not raise an inference of

discrimination as the individuals hired for the position were not

"substantially younger" than the plaintiff in that action. 115

F.3d 1407, 1413 (8th Cir. 1997). Also supporting defendant's

position is the holding of the Seventh Circuit in Hartley v.

Wisconsin Bell, Inc., 124 F.3d 887, 892-93 (7th Cir. 1997).

15

2.    The "Failure-to-Promote-Because-Of-Age" Option Has Not
      Been Satisfied

Plaintiff all but concedes that he has not satisfied the

"someone younger" option.  Pl.'s Resp. Br. at 2, ¶ 2; 17-18.

Instead of relying on that option, plaintiff contends that he has

adduced summary judgment evidence that the fire department's

failure to promote him was because of his age, or, as plaintiff

puts it, he "suffered an adverse employment action--namely,

multiple failures to promote--because of his age."  Id. at 2,

¶ 2.  Plaintiff presents as justification for that contention his

assertion hat "the City has not promoted a single person 50 years

of age or over to the position of Battalion Chief at any time

between April of 2000 and November 27, 2012."  Id. at 17-18.  His

sole record references for that assertion are to the following

statements he made in the declaration he included in the appendix

to his response:

> 21.  "The last time the City promoted an
> individual to the position of Battalion Chief who was
> over the age of 50 was back in April 3, 2000, i.e.,
> almost fourteen (14) years ago.  On that date the City
> promoted Ms. Debbie Bradberry.
>
> 22.  On November 27, 2012, I filed charge number
> 450-2013-00739 ("Charge") with the U.S. Equal
> Employment Opportunity Commission ("EEOC").  When I
> filed the EEOC Charge, the City still had not announced
> the promotion of any individuals over 50 years of age
> to the position of Battalion Chief since promoting
> Bradberry in April 2000.

Pl.'s Resp., App. at 03-04, ¶¶ 21-22.

The court agrees with defendant that those unsupported assertions by plaintiff are not probative of anything relevant to plaintiff's age discrimination claim. Even if plaintiff had provided authentication for his statements, the failures to promote are meaningless absent additional information, such as the number of Battalion Chief promotions that have occurred since 2000, the number of candidates who applied for each of those positions, the number, if any, of those candidates who were over the age of fifty, the number, if any, of those candidates were close to the age of fifty, the ages of the candidates that were selected, and the qualifications of the candidates under the age of fifty who were selected compared with those fifty years or older who were not selected.

Plaintiff weaves into his argument that defendant failed to promote him because of his age the use by Chief Crowson of the phrases "baby boomer bubble," "80s group," and "within sight of retirement." Id. at 03, ¶¶ 17-20. The material upon which plaintiff relies in which Chief Crowson used those phrases discloses that they were not used in a discriminatory context or with a discriminatory intent. Id. at 08-011. Rather, Chief Crowson quite clearly had in mind making the fire department employees aware that a larger than usual number of retirements

17

could be expected in the near future, and that the non-retiring
employees should be preparing to assist in bringing along new
hires and for the promotional opportunities that those
retirements would present.  For example, in a publication headed
"NOW IS THE TIME--Are You Ready For The Next Promotional
Opportunity?", id. at 11, the following explanation was given:

> Retirements
> The "baby boomer bubble" attrition issue is significant
> because much of the Fire Department's growth occurred
> in the late 1970's to the late 1980's.  The individuals
> hired during this timeframe were hired from the general
> population "off the street" and are now eligible to
> retire.  Additionally in the 1990s-2009 the Department
> only hired certified personnel, which meant that many
> of the individuals hired during this period had TMRS
> service credits from other cities and now some of those
> employees are also eligible to retire.
>
> Recruitment
> The strength of the Department is directly related to
> the quality of the people we hire.  We've developed a
> comprehensive recruitment program designed to attract
> and hire the best quality candidates.  Many of you have
> provided feedback as to the outstanding quality of
> performance associated with our new members.  Their
> success is a credit to many members of this
> organization who actively participate in the
> recruitment, hiring, and training process.  Your hard
> work is paying off and helping keep us strong.

Id.

Plaintiff's reliance on the stray remark by his then
immediate supervisor, Morris, that he was "past the 'age bubble'
for further advancement," id. at 3, has no relevance to the

18

instant action because Chief Crowson was the decision maker, not Mr. Morris.

C.    There is No Summary Judgment Evidence That Defendant's Non-Discriminatory Reasons for the Denial of Promotion Were a Pretext for Intentional Discrimination

Defendant has articulated the legitimate non-discriminatory reasons for promoting Montgomery and Randall, rather than plaintiff, to the Battalion Chief positions that Montgomery and Randall each was better qualified than plaintiff for the promotion and each of them performed better than plaintiff in the interview and selection process.   None of the summary judgment evidence would support a finding that the reasons given by defendant for denying plaintiff's promotion were a pretext for intentional discrimination.   The court already has explained why some of the evidence upon which plaintiff relies is not probative in favor of plaintiff on that subject.

Plaintiff devotes attention in his declaration to recounting his experiences with the Arlington Fire Department, and the promotions and honors he received while with the department. Pl.'s Resp., App. at 01-03, ¶¶ 4-15.   Plaintiff seems to miss the point.   Defendant has not contended that plaintiff is not qualified to serve as a firefighter or as a Captain in the fire department.   Defendant's contention is that, after a fair competition that did not consider age, plaintiff failed to

persuade the decision maker, Chief Crowson, that he was the best qualified person to be selected as a Battalion Chief when the selections of Montgomery and Randall were made to serve in that position.

D.   Conclusion

For all the reasons discussed above, the court has concluded that plaintiff has adduced no summary judgment evidence raising an issue that could lead to the inference or ultimate finding that age played a role in Chief Crowson's decisions to select Montgomery and Randall over plaintiff for promotion.  Much less has plaintiff adduced evidence that he would have been promoted to Battalion Chief instead of Montgomery or Randall had it not been for his age.  Thus, defendant is entitled to a summary adjudication dismissing plaintiff's claims.

IV.

Order

For the reasons stated above,

The court ORDERS that defendant's motion for summary judgment be, and is hereby, granted and that all claims and causes of action asserted by plaintiff against defendant be, and are hereby, dismissed.

SIGNED April 24, 2014.

_____
JOHN McBRYDE
United States District Judge

20